This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

**v.**                                                          **No. 33,591**

**JOSEPH MATTHEWS,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF OTERO COUNTY**
**Jerry H. Ritter, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

The Law Offices of the Public Defender
Jorge A. Alvarado, Chief Public Defender
Sergio Viscoli, Appellate Defender
Nina Lalevic, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**HANISEE, Judge.**

{1}     Defendant appeals from his conviction for residential burglary. Defendant was tried three times before he was convicted. On appeal, Defendant has raised claims of error with respect to each of his trials. This Court issued a calendar notice proposing to affirm. Defendant has filed a memorandum in opposition to this Court's notice of proposed disposition. Having given due consideration to Defendant's arguments, we remain unpersuaded and affirm.

**First Trial/ "Theft" Instruction**

{2}     Defendant maintains that the district court erred in failing to instruct the jury at his first trial on "theft." In this Court's calendar notice, we pointed out that generally the remedy for a trial court's erroneous failure to give an instruction is a new trial; that Defendant received a new trial; and, that Defendant had not alleged any error in the instructions at the trial resulting in his conviction. [CN 3] Defendant has not directed this Court to any factual or legal error with our proposed conclusion. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."). Accordingly, we find no reversible error resulting from the jury instructions.

**Second Trial/ Mistrial**

2

{3} Defendant maintains that the district court erred in granting a mistrial at his second trial. In this Court's calendar notice, we pointed out that the double jeopardy protection against retrial "generally prohibits a defendant from being retried for the same offense" "[w]hen a mistrial is declared *over a defendant's objection*[.]" *State v. Yazzie*, 2010-NMCA-028, ¶ 10, 147 N.M. 768, 228 P.3d 1188 (emphasis added) (internal quotation marks and citation omitted). We also noted that Defendant did not object to the granting of a mistrial; rather, defense counsel stated on the record that the ruling was "sensible on all counts[.]" [CN 6 (citing RP 170)] Defendant does not assert that any objection was made, and does not provide authority to support reversal absent an objection. *See Pickett Ranch, LLC v. Curry*, 2006-NMCA-082, ¶ 45, 140 N.M. 49, 139 P.3d 209 (stating that where no supporting authority for a proposition is cited, this Court may assume that no applicable or analogous authority exists). As a result, we conclude that Defendant has not demonstrated error in this regard.

**Third Trial/ Sufficient Evidence**

{4} Defendant maintains that there was insufficient evidence to support his conviction for residential burglary. In this Court's calendar notice, we detailed the evidence supporting Defendant's conviction and proposed to conclude that sufficient evidence existed. [CN 7-9] In response, Defendant asserts that the evidence also supported an innocent entry, and that certain facts "should have created a reasonable

3

doubt within the jury's mind." [MIO 5-6] Although evidence may have existed to support a conclusion of "innocent entry," "[c]ontrary evidence supporting acquittal does not provide a basis for reversal because the jury is free to reject [the d]efendant's version of the facts." *State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829. Moreover, to the extent Defendant is asking this Court to reweigh the evidence, he acknowledges that this Court must defer to the fact finder regarding matters of weight and credibility. [MIO 6 (citing *State v. Salas*, 1999-NMCA-099, ¶ 13, 127 N.M. 686, 986 P.2d 482)] We therefore conclude that Defendant's arguments in this regard are unavailing, and that substantial evidence exists to support his conviction.

**{5}**     Consequently, for the reasons stated above and in this Court's notice of proposed disposition, we affirm Defendant's conviction.

**{6}**     **IT IS SO ORDERED.**

 

_____
**J. MILES HANISEE, Judge**

**WE CONCUR:**


_____
**MICHAEL E. VIGIL, Judge**



_____

4

**TIMOTHY L. GARCIA, Judge**